## Case No. 7,365a.

Case of JOHNSON.

[Betts' Scr. Bk. 65.]

District Court, D. Kentucky. 1842.

MONROE, District Judge. It appears, on the petitioner's own showing, that he was indebted some six or eight hundred dollars to the city of Louisville, in consequence of his defalcation as clerk of the board of mayor and council, on account of moneys received by him according to his duty as such officer, for licenses to hacks, etc., and which he had failed to pay over according to the laws of the city. It was decided:

1st. That Johnson was a public officer within the statute, for that, though such terms may in some of their predicaments in other acts of congress be confined to the officers of the federal government, yet, regarding the subject of the statute with the context of the words, and their juxtaposition with executors, administrators and guardians, they do here include all state officers, and that the officers of a city corporation, exercising within its territorial limits a portion of the public authority of the

state, are literally, and in the sense of the law, public officers.

2d. That the construction contended for by the petitioner's counsel, that he might be declared a bankrupt, and be discharged of all his debts except that which he owes in consequence of his defalcation as a public officer, and of it, also, or not, as the creditor might elect to prove it against his bankrupt estate or stand off, was not maintained, because the declaration on the 4th section, that the "discharge and certificates shall be a full and complete discharge of all debts, contracts, and other engagements of the bankrupt which are provable under this act," does not leave the effect of the discharge in bar of any debts whatever, to depend upon whether it be proved by the creditor and claimed against the estate or not; that this form of expression could not have been employed to narrow the effect of the certificate, but was probably selected to embrace all contingent and uncertain demands, the holders of which expressly permitted by the succeeding section "to come in and prove under the act."

3d. That the object was most manifestly to exclude every person owing debts in consequence of his defalcation as a public officer, which in officers of the federal government they had, but six days before, declared should be henceforth deemed a felony, together with all other persons coupled with them in the exclusion from entering this door of the court with their own original petitions for the benefit of the act.